UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

TERRENCE WISE,

    Plaintiff,

                      -against-

CITY OF NEW YORK, ET AL.,

    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY, ANCONA, DAR, ORTEGA, AND PEREIRA**

<u>**JURY TRIAL DEMANDED**</u>

23 Civ. 05935 (RPK)(LKE)

        Defendants City of New York and Joseph Ancona, Ahmed Dar, Jonathan Ortega, and Kevin Pereira by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "I(A)" of the complaint.

        2.     Deny the allegations set forth in section "I(B)" of the complaint, except admit that the Defendants in this case are NYPD Officer Joseph Ancona, NYPD Officer Jonathan Ortega, NYPD Officer Kevin Pereira, and NYPD Officer Ahmed Dar and the City of New York. Defendants further state that each of the officers were employed by the NYPD at the time of the incidents.

        3.     Deny the allegations set forth in section "II" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Admit that plaintiff was a pretrial detainee on or about the date that he filed the instant lawsuit.

5. Deny the allegations set forth in section "IV(A)" of the complaint, except admit that plaintiff was arrested on October 6, 2022 and on October 11, 2022 in Brooklyn, NY.

6. State that there are no allegations set forth in section "IV(B)" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of exhibit "A" to the complaint.[1]

8. Deny the allegations set forth in paragraph "2" of exhibit "A" of the complaint, except admit that observed plaintiff in a U-haul van and approached him.

9. Deny the allegations set forth in paragraph "3" of exhibit "A" of the complaint, except admit that Defendant Pereira contacted U-haul who informed him that the vehicle was stolen.

10. Deny the allegations set forth in paragraph "4" of exhibit "A" of the complaint, except admit that the Defendant officers asked plaintiff for identification.

11. Deny the allegations set forth in paragraph "5" of exhibit "A" of the complaint, except admit that Defendants attempted to place plaintiff in handcuffs.

12. Deny the allegations set forth in paragraph "6" of exhibit "A" of the complaint, except admit that Defendants attempted to place plaintiff in handcuffs.

---

[1] In Section IV(C), plaintiff makes references to exhibits that he has attached as exhibits "A" and "B". Neither of the exhibits contain numbered paragraphs. In an effort to clarify plaintiff's allegations and defendants' responses, defendants have renumbered the paragraphs on the enclosed copy of plaintiff's attached exhibits.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in set forth in paragraph "7" of exhibit "A" of the complaint, except admit that plaintiff was transported to Brookdale Hospital.

14. Deny the allegations set forth in paragraph "8" of exhibit "A" of the complaint.

15. Deny the allegations set forth in paragraph "9" of exhibit "B" of the complaint, except admit that plaintiff was arrested on October 11, 2022 in Brooklyn, NY.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in set forth in paragraph "10" of exhibit "B" of the complaint.

17. Deny the allegations set forth in paragraph "11" of exhibit "B" of the complaint.

18. Deny the allegations set forth in paragraph "12" of exhibit "B" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in set forth in paragraph "13" of exhibit "B" of the complaint.

20. Deny the allegations set forth in paragraph "14" of exhibit "B" of the complaint.

21. State that there are no allegations set forth in section "IV(D)" of the complaint.

22. Deny the allegations set forth in section "V" of the complaint.

23. Deny the allegations set forth in paragraph "VI" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "VII" of the complaint, including all subparts, except admit that plaintiff does not allege that the events giving rise to his claims occurred while he was confined in jail, prison, or any other correctional facility.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "VIII" of the complaint, including all subparts therein.

26. State that there are no allegations set forth in section "IX" of the complaint.

### AS TO A FIRST AFFIRMATIVE DEFENSE:

27. The complaint fails to state a claim upon which relief can be granted.

### AS TO A SECOND DEFENSE:

28. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of Defendants City or Pereira, Ortega, Ancona, and Dar.

### AS TO A THIRD DEFENSE:

29. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### AS TO A FOURTH DEFENSE:

30. There was probable cause for Plaintiff's arrest, detention, and prosecution.

**AS TO A FIFTH AFFIRMATIVE DEFENSE:**

31. Defendants City, Ancona, Ortega, Pereira, and Dar have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS TO A SIXTH AFFIRMATIVE DEFENSE:**

32. Defendants Ancona, Ortega, Pereira, and Dar have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS TO AN SEVENTH AFFIRMATIVE DEFENSE:**

33. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), et seq.

**AS TO A EIGHTH AFFIRMATIVE DEFENSE:**

34. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, Defendant City is entitled to governmental immunity from liability.

**AS TO A NINTH AFFIRMATIVE DEFENSE:**

35. At all times relevant to the acts alleged in the complaint, Defendants Ancona, Ortega, Pereira, and Dar acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** Defendants City of New York, Ancona, Ortega, Pereira, and Dar request judgment dismissing the compliant in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 21, 2025

                                       MURIEL GOODE-TRUFANT
                                       Corporation Counsel of the City of New York
                                       *Attorney for Defendants City of New York, Ancona,*
                                       *Ortega, Dar, and Pereira*
                                       100 Church Street, Third Floor
                                       New York, New York 10007
                                       Phone: (212) 356-2599

                               By:      *Christine Colalillo* /s/
                                       Christine Colalillo
                                       *Assistant Corporation Counsel*
                                       Special Federal Litigation Division

cc:     **VIA FIRST CLASS MAIL**
        Terrence Wise
        Plaintiff *Pro Se*
        Reg. 35692-510
        MDC Brooklyn
        80 29th Street
        Brooklyn, New York 11232